UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER CANTON,<br><br>        Plaintiff<br><br>    vs.<br><br>UNITED PARCEL SERVICE COMPANY,<br><br>        Defendant. | NO.  CV-06-097-EFS<br><br>**ORDER ON DEFENDANT UNITED PARCEL SERVICE CO.'S MOTION TO DISMISS** |

     On March 27, 2007 the Court held a telephonic hearing in this matter on Defendant United Parcel Service ("UPS") Company's Motion to Dismiss (Ct. Rec. 18). Defendant UPS appeared through counsel, Valerie Hughes, and Mr. Canton appeared *pro se*. The Court reviewed the documents in the record, and considered the arguments at this hearing and at the related hearing on Defendant's Motion to Compel, and has reviewed the record, and is fully informed. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. This order memorializes and supplements the Court's oral ruling at the hearing.

     This Motion to Dismiss is in essence a Motion for Sanctions. Defendant UPS granted Mr. Canton numerous courtesies and extensions of time to respond to its discovery requests, but Mr. Canton still did not

ORDER ~ 1

provide information that Defendant had requested from him in discovery. UPS then brought a motion to compel to ask the Court to intervene, which the Court granted on January 26, 2007. The Court ordered Mr. Canton to provide information to UPS no later than February 13, 2007. Mr. Canton signed a medical release, but otherwise did not provide the information to UPS that the Court ordered him to provide.

Because of this violation of the Court's order, a sanction is appropriate. Under Rule 37(b)(2)(B), the Court imposes a sanction that those matters not provided to UPS in discovery cannot be presented by Mr. Canton at trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss (Ct. Rec. 18) is **GRANTED in part** (sanctions) and **DENIED in part** (dismissal as a sanction).

2. **Witnesses.** Plaintiff may not call expert witnesses at trial, except for his treating physicians known to UPS based on the signed medical release. Plaintiff may only call witnesses that he identified in his deposition as having factual information to support his claims.

3. **Income.** Plaintiff may not present any evidence at trial on economic damages, except for payroll information that is already in the possession or control of UPS. In particular, plaintiff will not be permitted to testify about economic damages where the best evidence of such information would have been the documents requested by UPS.

4. **Notes, calendars or diaries.** Plaintiff may not present any notes, calendars or diaries at trial, because he has not provided any to UPS when he was asked to do so.

5. **Complaints filed with UPS.** Plaintiff may not use as evidence

ORDER ~ 2

at trial any written complaints filed with UPS, that UPS requested but was not provided by the Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to counsel, and **mail copies to the Plaintiff**.

**DATED** this 29th day of March 2007.

          S/ Edward F. Shea
          EDWARD F. SHEA
    UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\0097.dismiss.wpd

ORDER ~ 3